**J.** A. HASKINS *et als. v.* ROSE & TURNER, Adm'rs, *et als.*

CHANCERY PLEADINGS. *Bill to set aside fraudulent decree is an original and not a bill of review.* A bill which seeks to recover money from a defendant upon the ground that it was declared to be due to him by an entry, in the form of a decree, falsely and fraudulently procured by him, in a suit in chancery to which he was a party at a term subsequent to that at which a final decree was rendered, without the knowledge of the other parties, and ordered to be paid to him by an entry, in the form of a decree, in another suit to which he was no party,

clandestinely and fraudulently obtained by him without the knowledge of the litigants, is not a bill of review, but an original bill attacking the supposed decrees for fraud.

## FROM ROANE.

Appeal from the Chancery Court at Kingston. O. P. TEMPLE, Ch.

BAXTER & SON and W. L. WELKER for complainant.

W. P. WASHBURN and J. SEVIER for defendants.

COOPER, J., delivered the opinion of the court.

Thomas J. Mason, one of the defendants, demurred to this bill, assigning for causes of demurrer that it was filed without leave, and not within the time allowed for a bill of review, thus treating it as a bill of review. The Chancellor sustained the demurrer and the complainants appealed. The correctness of the decree turns upon the character of the bill, the complainants' counsel conceding that the demurrer is well taken if the bill is a bill of review.

In October, 1857, according to the bill, John T. Wright died intestate, and Thos. J. Mason and Geo. D. Wright became the administrators of his estate. In August, 1859, John Wright, the father and sole distributee of John T. Wright, died testate, and Geo. D. Wright became his executor. On the 10th of March, 1860, the legatees of John Wright filed their bill against Thomas J. Mason and George D. Wright as administrators of John T. Wright, and against Geo. D. Wright as executor of John Wright for a settle-

ment of their respective administrations, and such proceedings were had that the accounts were settled, including the compensation of Mason and Wright as administrators of the estate of John T. Wright, and final decrees were rendered from time to time, the last in October, 1870, in favor of the complainants as legatees against George D. Wright as executor, or against M. Rose and J. D. Turner, his administrators, he having died, for the balances due them respectively. There being no personal assets with which to pay these decrees, Rose and Turner, as administrators, filed a bill against the heirs of George D. Wright to sell realty to satisfy the recoveries, and some of the legatees filed separate bills for the same purpose. These bills were consolidated, and decrees obtained under which a part of the lands descended were sold, and the proceeds brought into court. On the 9th of September, 1875, upon application of the legatees in this consolidated cause, leave was given them "to file an amended bill, and make new parties thereto if necessary." Under this permission the present bill was filed the 31st of January, 1876, for various purposes, but it is only before us so far as it seeks relief against Mason.

As to him, the bill charges that after the final decree in favor of the legatees in their original suit, "and in the absence and without notice to any of the parties interested therein," the defendant, Mason, who was a party to that suit, "falsely and fraudulently" suggested to the court in that cause that no allowance had been made to him for his services as

administrator of the estate of John T. Wright, where-upon it was referred to the master to report instanter what would be reasonable compensation for such services, and the master reported, upon Mason's *ex parte* statement and proof, without notice to the other parties to the suit, that Mason was entitled to $2,000 for his services, and this report was, at the same term, confirmed, and the amount reported ordered to be paid out of the assets of the estate of John T. Wright. The bill further charges that there being no assets of that estate, the defendant, Mason, appeared in the consolidated cause, to which he was no party, and, without notice to any of the parties complainant, and in their absence, without knowledge by them or their counsel, applied to and clandestinely and fraudulently obtained, by false suggestions, an order from the court, in said consolidated cause, directing the clerk and master to pay him, in satisfaction of the decree of $2,000 made in his favor as aforesaid in said former suit, the sum of $2,000 out of the funds realized by the sale of land in the consolidated cause, and belonging to George D. Wright's estate, and the money was paid to him by the clerk and master accordingly. The prayer of the bill as to Mason is "for a decree to compel the defendant, Mason, to repay the $2,000 paid him as aforesaid," with interest, and when paid that the money be applied to the satisfaction of complainant's decrees against the estate of George D. Wright.

A bill of review lies only for error in law appearing on the face of a decree without further ex-

amination of matters of fact, or upon some new matter which has been discovered after the decree, and could not possibly have been used when the decree was made. The object of a bill of review is to procure the reversal, alteration or explanation of a decree made in a former suit, on the ground of error apparent or newly discovered evidence. This bill does not undertake to point out any error of law apparent in the two decrees mentioned as having been procured by Mason, nor seek to review them upon any newly discovered matter. It is not, therefore, in form, a bill of review. Nor is it in substance, for it does not seek to reverse the decrees upon either of the only two grounds on which a bill of review will lie. It plainly treats these decrees as void for the fraudulent manner in which they are alleged to have been procured, and to recover the money paid under them. Looking to substance, not form, it is a bill, so far as Mason is concerned, to set aside particular decrees for fraud on his part in procuring them, or to recover money upon the ground that it belongs to them, and was received by him under entries in the form of decrees which are void as to them. Whether the allegations of the bill are sufficient to sustain it upon either of these views, is a question not raised by the demurrer, and not now before us.

It may not be improper to add in view of the further litigation in this cause, that it may be found to be somewhat difficult to sustain the validity of an entry, although in the form of a decree, and made at the instance of one of the litigants, at a term subse-

quent to that at which a final decree was rendered, and not upon any equity reserved, if the proceedings were *ex parte*, and without new notice to the parties interested. And such an entry procured by a stranger to the cause in his own favor, made at any time, would be clearly *coram non judice* and void. Even an actual decree in favor of a stranger to the cause, inadvertently made by the parties themselves, would probably not conclude those parties in a direct suit between them and the stranger touching the subject matter of the decree, there being no estoppel by reason of the want of mutuality.

Decree reversed.